UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. : CV  ( ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | September 27, 2019 |
| PHILIPPE CHAIN, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff United States of America brings this action against defendant Philippe Chain, M.D. ("Chain") to recover damages defendant caused to the TRICARE Program.

For its causes of action, the United States alleges as follows:

## NATURE OF ACTION

1. The United States brings this action to recover statutory damages and civil penalties under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733. The United States also brings this action to recover all available damages and other monetary relief under the common law or equitable theories of unjust enrichment and payment by mistake of fact.

2. The United States alleges that defendant caused false or fraudulent claims for payment to be submitted to TRICARE, the federal health care program for active duty military personnel, retirees, and their families.

## JURISDICTION

3. This Court has subject matter jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1345.  The Court possesses supplemental jurisdiction to entertain the

common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a) and 31 USC §3732(b).

4. This Court has personal jurisdiction over defendant pursuant to 31 U.S.C. § 3732(a), because defendant resided in or transacted business in this District, and because defendant committed acts within this District that violated 31 U.S.C. § 3729.

## VENUE

5. Venue is proper in this District under 31 U.S.C. § 3732 and 28 U.S.C. §1391(b) because defendant resided and/or transacted business in this District, and because defendant committed acts within this District that violated 31 U.S.C. § 3729.

## PARTIES

6. The United States brings this action on behalf of the United States Department of Defense (DOD), including DOD component the Defense Health Agency (DHA), which administers the TRICARE program.

7. Defendant Chain, at all relevant times, was a physician licensed to practice medicine in Connecticut.

## THE FEDERAL FALSE CLAIMS ACT

8. The federal False Claims Act provides, in pertinent part that:

   (a) Liability for Certain Acts. (1) [A]ny person who—

   (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

   (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

* * *

is liable to the United States Government . . . .

(b) For purposes of this section- (1) the terms "knowing" and "knowingly"- (A) mean that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information, and (B) require no proof of specific intent to defraud. 31 U.S.C. § 3729.

## THE TRICARE PROGRAM

9. TRICARE is a medical benefits program established by federal law. 10 U.S.C. §§ 1071-1110b. TRICARE covers eligible beneficiaries, which include active duty members of the Uniformed Services and their dependents, as well as retired members of the Uniformed Services and their dependents. The federal government reimburses a portion of the cost of health care services and prescription medications provided to TRICARE beneficiaries. TRICARE is administered by the DHA.

10. TRICARE covers only medically necessary inpatient and outpatient care. See 32 C.F.R. § 199.4(a)(1)(i).

11. TRICARE regulations also provide that TRICARE may deny payment in "abuse situations." 32 C.F.R. § 199.9(b). To avoid abuse situations, providers are obligated to provide services and supplies under TRICARE that are: "Furnished at the appropriate level and only when and to the extent medically necessary . . .; of a quality that meets professionally recognized standards of health care; and,

supported by adequate medical documentation as may reasonably be required under this part . . . to evidence the medical necessity and quality of services furnished, as well as the appropriateness of the level of care." Id.

12. The TRICARE regulations, in turn, define "appropriate" medical care as that which is, inter alia, "[f]urnished economically"—i.e., "in the least expensive level of care or medical environment adequate to provide the required medical care. . ." 32 C.F.R. § 199.2.

13. TRICARE offers its beneficiaries a prescription drug benefit. TRICARE beneficiaries may receive prescription drugs from three different sources: military treatment facilities, the TRICARE Mail Order Pharmacy, and retail pharmacies.

14. TRICARE will only pay "for medically necessary prescription drugs required in the treatment of an illness or injury. . . ." 32 C.F.R. § 199.4.

15. Providers submit claims to TRICARE using the CMS 1500 or an electronic equivalent. Providers certify on the CMS 1500, inter alia, that (a) the services rendered are medically indicated and necessary for the health of the patient; (b) the information on the claim form is "true, accurate, and complete"; and (c) the provider understands that "payment and satisfaction of this claim will be from Federal and State funds, and that any false claims, statements, or documents, or concealment of material fact, may be prosecuted under applicable Federal and State laws."

16. Because it is not feasible for the TRICARE program, or its contractors, to review medical records corresponding to each of the claims for payment it receives from providers, the program relies on providers to comply with TRICARE

requirements and relies on providers to submit truthful and accurate certifications and claims.

## THE FRAUDULENT CONDUCT

17. Defendant acted with actual knowledge, deliberate ignorance, or reckless disregard of the laws, regulations and guidance applicable to the TRICARE program.

18. During the time-period of January 28, 2015 through July 28, 2015, Chain practiced medicine in Connecticut and performed telehealth services from Connecticut for CallMD, a telemedicine company located in Las Vegas, Nevada.

19. The telehealth services that Chain provided on behalf of CallMD involved prescribing compounded medications to TRICARE beneficiaries.

20. "Compounding" is a practice by which a pharmacist combines, mixes, or alters the ingredients of a drug to create a medication tailored to the needs of an individual patient. Compounded medications are not FDA-approved.

21. CallMD regularly emailed Chain notifications indicating that the CallMD portal had patient files ready for him to review. After reviewing patient information, Chain accessed pre-populated "Prescription Pads" and authorized prescriptions for compounded medications, such as pain creams.

22. Chain never examined any of the TRICARE beneficiaries prior to authorizing the prescriptions.

23. Chain never spoke with any of TRICARE beneficiaries, either via phone or via two way audio/video, prior to authorizing the prescriptions.

24. Chain never established a physician-patient relationship with any of the TRICARE beneficiaries, prior to authorizing the prescriptions.

25. CallMD paid Chain a fee for each patient "consultation" he provided.

26. Relevant TRICARE policy indicates that to provide covered telemedicine services, a physician must communicate with the patient via two way audio and video.

27. Because Chain never examined or spoke with any of the TRICARE beneficiaries or established a physician-patient relationship with the beneficiaries prior to authorizing the prescriptions in question, the prescriptions were invalid. In addition, the prescriptions were not medically necessary.

28. The invalid prescriptions for compounded medications were submitted to various pharmacies and paid for by the TRICAE program.

29. Chain's conduct caused false or fraudulent claims to be paid by the TRICARE program and caused damages to the TRICARE program.

## CLAIMS

### FIRST CAUSE OF ACTION
(False Claims Act: Presentation of False Claims)
(31 U.S.C. § 3729(a)(1)(A))

30. The United States realleges and reincorporates paragraphs 1 through 29 as if fully set forth herein.

31. Defendant knowingly presented or caused to be presented false or fraudulent claims for payment or approval.

32. By virtue of the false or fraudulent presented or caused to be presented by the defendant, the United States suffered damages and therefore is entitled to

statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## SECOND CAUSE OF ACTION
(False Claims Act: Making or Using False Record or Statement)
(31 U.S.C. § 3729 (a)(1)(B))

33. The United States realleges and reincorporates paragraphs 1 through 29 as if fully set forth herein.

34. Defendant knowingly made, used, or caused to be made or used, false records or false statements material to a false or fraudulent claim.

35. By virtue of the false records or false statements made by the defendant, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## THIRD CAUSE OF ACTION
(Unjust Enrichment)

36. The United States realleges and reincorporates paragraphs 1 through 29 as if fully set forth herein.

37. This is a claim for the recovery of monies by which defendant has been unjustly enriched.

38. By directly or indirectly obtaining federal funds to which he was not entitled, defendant was unjustly enriched, and is liable to account and pay such amounts, or the proceeds therefrom, which are to be determined at trial, to the United States.

## FOURTH CAUSE OF ACTION
(Payment By Mistake)

39. The United States realleges and reincorporates paragraphs 1 through 29 as if fully set forth herein.

40. This is a claim for the recovery of monies paid by the United States as a result of mistaken understandings of fact.

41. The false or fraudulent claims which defendant caused to be submitted to the United States were paid by the United States based upon mistaken or erroneous understandings of material fact.

42. The United States, acting in reasonable reliance on the accuracy, completeness and truthfulness of the information contained in the claims, paid certain sums of money, and defendant is thus liable to account for and pay such amounts, which are to be determined at trial, to the United States.

## PRAYER FOR RELIEF

WHEREFORE, the United States demands and prays that judgment be entered in its favor against defendant as follows:

    a. On the First and Second Causes of Action under the False Claims Act, as amended, for the amount of statutory damages, and such civil penalties as are required by law, together with all such further relief as may be just and proper.

    b. On the Third and Fourth Causes of Action, for unjust enrichment and payment by mistake, for the damages sustained and/or amounts by which the defendant was unjustly enriched or by which defendant

retained illegally obtained monies, plus interest, costs, and expenses, and all such further relief as may be just and proper.

Respectfully submitted,

JOHN H. DURHAM
ATTORNEY FOR THE UNITED STATES

*/s/ John B. Hughes*
JOHN B. HUGHES
Assistant U.S. Attorney, Chief, Civil Division
Federal Bar No. ct05289
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
John.Hughes2@usdoj.gov

*/s/ Richard M. Molot*
RICHARD M. MOLOT
Assistant United States Attorney
Federal Bar No. ct21676
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
Richard.Molot2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated on this Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

In addition, I hereby certify that on September 27, 2019, a true and correct copy of the foregoing Complaint was served by electronic mail on:

Ellen Bonner, Esq.
Richard Westling, Esq.
Epstein Becker Green
424 Church St., Suite 2000
Nashville, TN 37219

/s/ *Richard M. Molot*
RICHARD M. MOLOT
Assistant United States Attorney